IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORRAINE MERRIDA-ROOS,

        Plaintiff,                     No. CIV S-04-2224 KJM

     vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.               <u>ORDER</u>

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively, and widow's insurance benefits based on disability. For the reasons discussed below, the court will grant plaintiff's motion for remand and deny the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated February 24, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of status post left rotator cuff repair, mild degenerative disk disease of the cervical and lumbar spines, chronic myofascial syndrome and hypertension, but these impairments do not meet or medically equal a listed impairment; plaintiff has the residual functional capacity to perform light work with certain postural limitations and has a mild limitation in the ability to maintain concentration, persistence and pace due to chronic pain; plaintiff can perform her past relevant

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

work as a restaurant manager and burial needs salesperson; and plaintiff is not disabled. Administrative Transcript ("AT") 26-27. Plaintiff contends the ALJ improperly rejected the opinions of two treating physicians, evidence submitted to the Appeals Council and included in the administrative record merits remand, the ALJ improperly discredited plaintiff, the hypothetical relied on by the ALJ did not include all of plaintiff's limitations, and the ALJ failed to consider plaintiff's age.

II.  Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. <u>Analysis</u>

    A.  Treating Physicians' Opinions

        Plaintiff contends the ALJ improperly rejected the opinion of two physicians who treated plaintiff in connection with a workers' compensation claim.  The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual.  <u>Id.</u>; <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996).

        To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons.  <u>Lester</u>, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  <u>Lester</u>, 81 F.3d at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.  <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989)).  In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings.  <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); <u>see</u> <u>also</u> <u>Magallanes</u>, 881 F.2d at 751.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional.  <u>Lester</u>, 81 F.3d at 831.

/////

/////

/////

Dr. Bugna, plaintiff's treating physician, opined at various times in letters to a workers' compensation[2] claims examiner that plaintiff was temporarily totally disabled. AT 311, 346, 369. Dr. Pletz, another treating physician, also assessed plaintiff as temporarily totally disabled. AT 459. In assessing doctors' opinions rendered in the workers' compensation context for purposes of a Social Security disability determination, the ALJ's opinion should reflect that the ALJ properly considered the pertinent distinctions between the two schemes. See Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir. 1988) (workers' compensation medical reports of disability are not directly applicable to Social Security disability determinations because of the different standards applied). Here, the ALJ properly recognized that the opinions of Drs. Bugna and Pletz were rendered for purposes of evaluating plaintiff under the workers' compensation scheme and were assessing her ability to return to work as a custodian. AT 24. As noted by the Desrosiers court, the doctors were required to do no more. Id. at 576 (workers' compensation doctors found plaintiff incapable of performing heavy work and not required to evaluate whether plaintiff could perform less than heavy work). The ALJ correctly noted that the opinions of Drs. Bugna and Pletz were not inconsistent with a residual functional capacity for light work and also noted there were no functional limitations specifically assessed by these doctors. AT 24. There was no inconsistency in relying on the opinion of Dr. Burt, who also assessed plaintiff in the workers' compensation context, because Dr. Burt assessed functional limitations that could be translated for application in the Social Security disability scheme. AT 23, 482. There was no error in the ALJ's assessment of the opinions of plaintiff's treating physicians.

B. Evidence Submitted to Appeals Council

Plaintiff contends the evidence submitted to the Appeals Council, consisting of chart notes of Dr. Brazell Carter, a treating physician of seven years, and a physical residual

---

[2] Plaintiff was injured while performing custodial duties and was evaluated by her treating physicians in the workers' compensation context. AT 57-58.

functional capacity questionnaire filled out by Dr. Carter, merits remand.  The Appeals Council made this evidence part of the administrative record.  AT 10, 507-527.  Accordingly, this court will review the ALJ's decision[3] under the substantial evidence standard with due consideration of Dr. Carter's chart notes and functional capacity analysis.  See Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (where plaintiff submitted additional materials to the Appeals Council in requesting review of the ALJ's decision, court may properly consider the additional materials because the Appeals Council addressed them in the context of denying plaintiff's request for review); see also Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993) (noting that where the Appeals Council declined to review the decision of the ALJ after examining the entire record, including new material, court considers both the ALJ's decision and the additional materials submitted to the Appeals Council).

   Defendant contends the evidence submitted to the Appeals Council is duplicative of the opinions regarding disability made by Drs. Bugna and Pletz, which as discussed above were properly rejected.  The court cannot agree.  Drs. Bugna and Pletz did not opine with respect to functional limitations applicable in the Social Security disability context.  Dr. Carter's assessment, however, specifically assesses functional limitations.  AT 522-526.  Most importantly, in light of the testimony of the vocational expert, Dr. Carter opined that plaintiff's pain would interfere with attention and concentration needed to perform even simple work tasks "constantly."  AT 118, 523.  Dr. Carter's opinion also is supported by chart notes of other providers indicating prescription of pain killers on a regular basis.  AT 277, 453, 458, 466, 469, 508.  The evidence submitted to the Appeals Council should be considered by the ALJ in determining whether plaintiff's ability to maintain concentration, persistence and pace due to chronic pain is only mildly limited or moderately limited, an issue that is critical to proper resolution of this case.  AT 118-119 (no sustainable labor base if plaintiff's ability to maintain

---

[3] When the Appeals Council denies review, the decision of the ALJ is the final decision. Russell v. Brown, 856 F.2d 81, 83-84 (9th Cir. 1988).

concentration is moderately impaired). In addition, Dr. Carter opined plaintiff can sit about four hours and stand/walk four hours total in an 8-hour workday. AT 524. This limitation, if accepted by the ALJ, is particularly relevant given the vocational expert's testimony that plaintiff's prior relevant work could not be performed with such a limitation. AT 122-124. The ALJ did not have before him Dr. Carter's report, which if accorded controlling weight, would significantly alter the outcome of this case. Because the ALJ did not have the opportunity to review Dr. Carter's report, the matter will be remanded so that the Commissioner may determine the appropriate weight to give the report and take further vocational expert testimony, if necessary.

    C. Credibility

Plaintiff contends the ALJ improperly assessed her credibility. The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR

55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

        Plaintiff testified she had pain in her left shoulder and arm on a constant basis at a level of 6 to 8 out of 10.  AT 66-67.  She also testified to pain in the left hip area, knees, back and neck.  AT 68-69, 74.  Plaintiff further testified that despite the pain, she tries to do things but that the pain is always present and interferes with her ability to pay attention and concentrate.  AT 82.  The ALJ discredited plaintiff's allegations of inability to work due to upper extremity symptomatology.  AT 24.  The ALJ noted plaintiff's successful psychological pain management, which was inexplicably discontinued.  AT 24-25, 400-410.  The ALJ also relied on the observations and clinical findings of the consultative examiner who found plaintiff uncooperative with marked limitation of movements not explained by normal-looking muscles and normal examination of the joints.  AT 25, 385.  The ALJ also relied on his own observations of plaintiff during the hearing in which plaintiff appeared to have normal neck movement although she testified she had difficulty turning her neck while driving.  AT 25, 74-75.  The ALJ also discounted plaintiff's allegation of complete inability to perform work due to her pain as inconsistent with her reported activities of daily living, which indicated more functionality than

claimed by plaintiff. AT 25, 80, 86-87, 89. Although plaintiff's activities are not necessarily consistent with the ability to perform work activities on an eight hour basis, in conjunction with the other factors considered by the ALJ, the daily activities were properly considered as discrediting a claim that pain precluded plaintiff from all activity. Although the ALJ's credibility determination was based on permissible grounds and will not be disturbed, upon remand the ALJ should further assess plaintiff's credibility in light of Dr. Carter's opinions regarding plaintiff's limitations.

### D. Hypothetical

Plaintiff's contention with respect to the hypothetical relied on by the ALJ in finding plaintiff could perform her past relevant work is intertwined with the analysis that must be undertaken by the ALJ once Dr. Carter's report is considered. If Dr. Carter's report is credited, then on remand, any hypothetical posed to the vocational expert must include the functional limitations assessed by Dr. Carter. See Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989) (hypothetical questions posed to a vocational expert must set out all the substantial, supported limitations and restrictions of plaintiff).

### E. Age

Plaintiff also assigns error to the ALJ's failure to account for plaintiff's age. The sequential analysis stopped at step four because the ALJ found plaintiff could perform her past relevant work. Age is not considered until the fifth step of the sequential evaluation. 20 C.F.R. §§ 404.1520(f)(1); 404.1563. On remand, plaintiff's age must be considered only if the sequential analysis proceeds to step five.

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further findings in light of Dr. Carter's assessment of plaintiff's functional capacity.

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for remand is granted;

2. The Commissioner's cross-motion for summary judgment is denied; and

3. This matter is remanded for further proceedings consistent with this order.

DATED: March 27, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
merrida-roos.ss